APPEAL OF AURORA BREWING CO.

Docket No. 2195.   Submitted June 20, 1925.   Decided September 30, 1925.

*Jacob Auer*, *C. P. A.*, for the taxpayer.
*John D. Foley*, *Esq.*, for the Commissioner.

Before TRAMMELL, GRAUPNER, and PHILLIPS.

This appeal is from the determination of a deficiency in income and profits tax for the calendar years 1917 and 1918 in the respective amounts of $376.96 and $5,675.72, or a total of $6,052.68. The deficiency results from the disallowance by the Commissioner of certain amounts which the taxpayer deducted from its gross income during the years involved for obsolescence of good will and depreciation of tangible property. No evidence was submitted as to the value of good will or trade brands, which taxpayer claims became obsolete in 1918, except an estimated value which was made in 1906. No evidence as to the cost of the property acquired by the taxpayer

was offered other than the cost taken from the taxpayer's books by a revenue agent in 1923. No evidence was offered as to the March 1, 1913, value.

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the State of Illinois on December 27, 1889, with its principal office in Aurora. The capital stock was originally $150,000 and was increased to $450,000 in 1911.

The object for which the taxpayer corporation was formed was the manufacture, purchase, and sale at wholesale and retail of beers, malt liquors, wines, spirits, and other liquors and the ownership, control, and leasing of all property and instrumentalities necessary, incidental and suitable for such purpose. Taxpayer continued the business of brewing beer from the time of its organization until November, 1918, when it ceased its business as brewer of beer, owing to the Federal regulations which seemed imminent at that time, and thereafter engaged in the business of jobbing candy, soda-fountain supplies, soda-fountain drinks, and other beverages.

The stockholders of the taxpayer corporation, before the capital stock in 1911 was increased, and the number of shares held by each were as follows:

|  | Shares. |
|---|---|
| John Knell, Sr | 550 |
| John Thorwarth | 500 |
| Elizabeth Berthold | 450 |
| H. A. Berthold | 50 |
| John Knell, Jr | 50 |

The taxpayer owned, in addition to the brewery business, properties as follows, which were designated on taxpayer's books as "sundry properties": Geneva, Ill., property; St. Charles, 463 Main Street property; De Kalb Main Street property; Plano property; Somonauk property; Dixon property; Montgomery property; Oswego property; Sandwich property, together with other property not definitely described in the record, some of which was used in the conduct and operation of saloons where the beer manufactured by taxpayer was dispensed.

During the year 1908 taxpayer was advised by its counsel that in accordance with an existing statute of the State of Ilinois it could not hold title to saloon properties which were not necessary to carry on the brewery business, and on the 30th day of December, 1908, directors of the taxpayer corporation met and adopted the following resolution:

Whereas, the undivided profits of this corporation amount to approximately one hundred and eighty thousand dollars ($180,000.00), represented by certain pieces of real estate, not directly used for brewing purposes, hereinafter described, and,

Whereas, such undivided profits are not now necessary for the business of this corporation, and should be divided proportionately among the stockholders by way of dividend, and

Whereas, the said stockholders of this corporation have expressed a willingness to accept their proportionate shares of the said real estate in a joint conveyance from the corporation to the stockholders, instead of having the same reduced to money and divided.

Now, Therefore, be it and it is hereby,

Resolved, that the President and Secretary of the Aurora Brewing Company be and they are hereby authorized, empowered and directed to convey the real estate hereinafter described, of the approximate value of one hundred and eighty thousand dollars, ($180,000.00); to the following named stockholders of this corporation, being all of the stockholders thereof, in the proportions set opposite their respective names, as tenants in common.

| | |
|---|---|
| John F. Thorwarth | 10/30 |
| John Knell, Sr | 9/30 |
| John Knell, Jr | 1/30 |
| Elizabeth Berthold | 9/30 |
| Herman A. Berthold | 1/30 |

All of said grantees being residents of the City of Aurora, County of Kane and State of Illinois.

The said conveyance to be made in one or several deeds, as may be most convenient for the transfer of title to the said tenants in common.

After the meeting of the board of directors on the above date the stockholders of the taxpayer corporation met and adopted the following resolution:

On motion of Mr. John Knell, Sr., seconded by H. A. Berthold, the following resolution was unanimously adopted, all of the stockholders owning and holding all of the stock of the corporation voting therefor.

Whereas, it is deemed desirable and necessary by the board of directors of this corporation to make division of the undivided profits among the stockholders, and

Whereas, the board of directors, by resolution passed at a meeting held this day have authorized, empowered and directed the President and Secretary to convey the real estate representing the said undivided profits to stockholders of this company proportionately to their holdings instead of reducing the said real estate to money, and

Whereas, for convenience sake, the said conveyances are to be made to the stockholders proportionally to their stockholding in common,

Now, therefore, be it and it is hereby

Resolved, that the stockholders of this corporation consent to and acquiesce in the action of the board of directors in this behalf and agree to accept said conveyances, when made, as a distribution of all and singular their interests as such stockholders in the said undivided profits.

After the adoption of the above resolution by the board of directors and the ratification by the stockholders, the real estate which was designated as "sundry properties" and held by the taxpayer, and which was not necessary for the conduct of the brewery business, was transferred to the stockholders in accordance with the resolution adopted.

At the same time a new company was organized, known as The Aurora Investment Co., which carried the accounts of the individuals who held the property which was transferred in accordance with the resolution above mentioned.

Some time prior to the year 1911 the law of the State of Illinois with respect to brewery companies holding property other than such as was necessary to the conduct of their business was amended and the property conveyed under resolution adopted December 30, 1908, to the individual stockholders of the corporation was returned or retransferred to the corporation, as there was no necessity for having it stand in the name of the individual stockholders after the law had been changed. At the time these sundry properties were reconveyed to the corporation by the individuals the capital stock of the taxpayer was increased from $150,000 to $450,000, and such increase was prorated to the present holdings of each stockholder according to the resolutions adopted on the 3d and 10th days of March, 1911. The resolution adopted on March 3, 1911, is in part as follows:

Resolved, That the capital stock of the Aurora Brewing Company be, and it hereby is, increased from one hundred and fifty thousand dollars ($150,-000.00), to four hundred and fifty thousand dollars ($450,000.00).

The resolution adopted by the board of directors on March 10, 1911, is in part as follows:

Resolved, that a stock dividend be declared of one hundred thousand dollars ($100,000.00) and that the president and secretary of the corporation be authorized to issue to the stockholders pro rata to their present holdings certificates for the said stock, and that the president and secretary be further authorized to issue stock certificates for the two hundred thousand ($200,000.00) additional capital invested by the present stockholders pro rata to their present holdings.

All of the assets were thereafter carried in the name of the taxpayer corporation until 1917 and 1918, when some of the assets known as sundry properties were sold. The profits which accrued from the sale of the assets during the years 1917 and 1918 were returned by the taxpayer as income in said years and the losses sustained through the sales of other of said assets were deducted from gross income. No depreciation whatever was taken upon the buildings which were located on the property of the taxpayer. The buildings were part of the capital assets of taxpayer corporation.

Taxpayer continued in the manufacture of soft drinks, jobbing candy, soda-fountain supplies, etc., from November, 1918, to the effective date of the Eighteenth Amendment to the Constitution and subsequent thereto.

### DECISION.

The determination of the Commissioner is approved.

ARUNDELL not participating.